UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,

                             Case No. 11-cr-20564

v.

                             Hon. John Corbett O'Meara

D-1  Clarence Williamson, Jr.,

        Defendant.

---

## ORDER FOR PSYCHIATRIC OR PSYCHOLOGICAL EXAMINATION OF DEFENDANT TO DETERMINE COMPETENCY

---

On July 7, 2014, a jury was selected by Williamson and the other parties.  On July 8, 2014, the defendant Williamson did not appear for his trial.  The Court was informed that defendant had instead gone to William Beaumont hospital.  It was reported that the defendant complained of physical and psychological issues.  The Court then revoked Williamson's bond.

On July 14, 2014, the Court held a status conference regarding defendant Williamson.  The Court heard allocution of counsel, and stand-by counsel for defendant Williamson orally moved the Court for a Competency Evaluation of Williamson.

The Court, having heard allocution of counsel, finds that it would benefit from such an evaluation so as to determine whether the defendant may presently be suffering from a mental disease or defect rendering defendant mentally incompetent to stand trial.  Accordingly, pursuant to the Insanity Defense Reform Act of 1984, 18 U.S.C. §§ 4241-4247, it is hereby ordered:

(1) That a psychiatrist or psychologist employed by the United States be appointed, authorized, and directed to examine the mental condition of defendant, *see id.* §§ 4241(a), (b), 4247(b) at Government expense.  The Court appoints Dr. Jack P. Haynes, PhD., who previously examined a co-defendant in this case, to conduct the examination of Clarence Williamson, Jr. at defendant's place of incarceration (currently the Dickerson facility).

    a. IT IS FURTHER ORDERED that William Beaumont hospital send and provide the medical records concerning defendant Williamson to Dr. Haynes forthwith at:

        i. Jack P. Haynes, Ph.D, 36700 Woodward Ave., Suite 30, Bloomfield Hills, MI 48304-0928 or send by fax or email to Dr. Haynes at:

        ii. Jackphaynesphd@comcast.net  fax number (248) 988-9425.

    b. IT IS FURTHER ORDERED that Dr. Haynes may bring a lap-top computer into the place of defendant's incarceration to aid in his evaluation.

    c. IT IS FURTHER ORDERED that Dr. Haynes has access to the records at said place of incarceration and may interview the institution's staff regarding Mr. Williamson's functioning.

    d. IT IS FURTHER ORDERED that Dr. Haynes may interview employees of the U.S. Marshal Service who were at Beaumont hospital at the time defendant Williamson was at said hospital.

(2) IT IS FURTHER ORDERED that defendant, who is currently detained, remain in custody for such psychiatric or psychological examination for a

period not to exceed 30 days, *see id.* § 4247(b) and thereafter until further order of the Court for the reasons stated on the record on July 8, 2014 ;

(3) <u>IT IS FURTHER ORDERED</u> that the examining psychiatrist or psychologist prepare, as soon as practical, a written report that includes (1) the defendant's history and present symptoms; (2) a description of the psychiatric, psychological, and medical tests that were employed and their results; (3) the examiner's findings; and (4) the examiner's opinions as to diagnosis, prognosis, and whether the defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, *see* 18 U.S.C. §§ 4241(b), 4247(c);

(4) <u>IT IS FURTHER ORDERED</u> that the examiner shall promptly file the written report with this Court and provide copies of the report to defense counsel and the attorney for the government, *see id.* § 4247(c).  The report may be used by any party for purposes of a competency hearing, detention hearing, or any other purpose the Court may order; and

(5) <u>IT IS FURTHER ORDERED</u> that the period beginning July 8, 2014 through the conclusion of the competency hearing, *see id.* §§ 4241(c), 4247(d), which will take place at a date and time set by the Court after the Court and parties receive the examiner's written report, be deemed excludable delay under the Speedy Trial Act pursuant to 18 U.S.C. §§ 3161(h)(1)(A) and (h)(1)(F), and that the period beginning the day after the conclusion of the competency hearing and ending with the Court's ruling on defendant's mental competency or with the lapse of 30 days, whichever occurs first, be deemed excludable delay pursuant to 18 U.S.C. § 3161(h)(1)(H).

**IT IS SO ORDERED.**

Date: July 17, 2014                                     s/John Corbett O'Meara
                                                        United States District Judge