UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D-1 CLARENCE WILLIAMSON,

    Defendant.
_____/

Case No. 11-20564

Hon. John Corbett O'Meara

## ORDER DENYING MOTION TO DISMISS INDICTMENT ON DOUBLE JEOPARDY GROUNDS

Before the court is Defendant's motion to dismiss the indictment on double jeopardy grounds, to which the government has responded.

On July 8, 2014, a jury was impaneled in this case. Defendant Clarence Williamson was representing himself, along with stand-by counsel, Ray Richards. Defendant had requested new counsel on the eve of trial, but his motion was denied as untimely and was viewed as a possible delay tactic.[1] See Docket No. 409. See also Docket No. 404 (motion to revoke bond); Docket No. 410 (order denying motion to revoke bond without prejudice). On July 9, 2014, Williamson did not appear in court. Members of his family relayed information to his co-defendant's

---

[1] The court had already granted Defendant's motion for new counsel on the eve of trial, on February 5, 2014 (Docket No. 338), making it clear that no further adjournments would be granted.

counsel that Williamson had gone to the hospital with chest pains. Concerned about Williamson's pattern of attempting to delay the trial, the court revoked his bond and issued an arrest warrant. 7/9/14 TR at 124-25.

The court then considered how to proceed – whether to grant a mistrial or whether the trial could continue with Williamson's co-defendant, Terrell Clark, only. Id. at 129-30. The government requested that the court not decide to declare a mistrial at that time. The court responded: "I haven't made any decisions." Id. at 130. The prosecutor requested time to discuss the issues of severance and mistrial with his supervisors. Id.

After about an hour, the prosecutor reported that "somebody did come there [the hospital] this morning by the name of Clarence Williamson but we could get no other information at all about that." Id. at 132. The government agreed that a mistrial was required. Id. Clark did not object to the mistrial. The prosecutor stated: "I would just like the record to reflect that or for the Court to ensure that the attorneys on Defense side agree with a mistrial and don't have a problem with it. . . ." Id. at 133. At that time, neither Clark's counsel nor Williamson's stand-by counsel objected. The court noted: "Nobody's quarreling about that, so I guess you're right about it." Id. The court then brought the jury in and dismissed them. The court also entered a written order declaring a mistrial, noting the uncertainty

regarding when Williamson would be apprehended. Docket No. 412.

Williamson was admitted to the hospital based upon physical (headache, inability to move limbs) and psychological (hallucinations) complaints. Williamson's medical records show that he was admitted from July 9 to July 11, while tests were conducted. See Def's Ex. 1. The discharge summary noted that "initial presentation concerning for stroke, however with resolution of symptoms[,] likely underlying psychiatric condition[,] though malingering is a possibility since patient had secondary gain by avoiding court case." Id. Williamson was discharged to the custody of the U.S. Marshals, where he was placed in jail psychiatric ward.

On July 14, 2014, Williamson's stand-by counsel moved for a competency examination of Williamson, which the court ordered on July 17. The court permitted Allen Early to appear as new counsel for Williamson on August 22, 2014. On September 3, 2014, consistent with the competency examination, the court found Williamson competent to stand trial. On September 17, 2014, the court scheduled trial for November 24, 2014. Trial is currently scheduled for December 2, 2014. Defendant filed his motion to dismiss the indictment on double jeopardy grounds on November 14, 2014.

## LAW AND ANALYSIS

Defendant argues that there was no manifest necessity for a mistrial and that he did not consent to it. The Double Jeopardy Clause of the Fifth Amendment of the U.S. Constitution states that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." "Jeopardy attaches when the original panel is seated an sworn." Watkins v. Kassulke, 90 F.3d 138, 141 (6th Cir. 1996). "Once jeopardy attaches, prosecution of a defendant before a jury other than the original jury, excluding any contemporaneously empaneled and sworn alternates, is barred unless (1) there is a 'manifest necessity' for a mistrial or (2) the defendant either requests or consents to a mistrial." Id. "It is clear that manifest necessity is not synonymous with absolute necessity, but that a 'high degree' of necessity must exist before a mistrial may properly be declared." United States v. Cameron, 953 F.2d 240, 244 (6th Cir. 1992).

The court finds both consent and manifest necessity here. In Defendant's absence, his stand-by counsel did not object to the mistrial. Nor did his co-defendant's counsel. Moreover, in Defendant's absence, the court could not proceed with the trial. Concerned about keeping the jury impaneled for an indefinite period of time, and how this could impact the defense, the court determined that a mistrial was necessary. Indeed, Defendant was in the hospital for

three days and a competency hearing could not be held until September 3. Defendant does not explain how an alternative (such as a continuance) was a viable option under these circumstances.

## ORDER

IT IS HEREBY ORDERED that Defendant's motion to dismiss on double jeopardy grounds is DENIED.

s/John Corbett O'Meara<br>
United States District Judge

Date:  November 25, 2014



I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, November 25, 2014, using the ECF system.

s/William Barkholz<br>
Case Manager