UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                    Case No. 11-20564

v.

                                    Hon. John Corbett O'Meara

CLARENCE WILLIAMSON,

    Defendant.

_____/

## ORDER DENYING MOTION FOR ACQUITTAL OR NEW TRIAL

Before the court is Defendant's motion for acquittal pursuant to Fed. R. Crim. P. 29 or a new trial pursuant to Fed. R. Crim. P. 33.  On December 22, 2014, Defendant was convicted of conspiring to distribute marijuana and cocaine, money laundering, and the use of a firearm in the furtherance of a drug trafficking offense.

Pursuant to Fed. R. Crim. P. 29, a defendant may seek a judgment of acquittal. "The relevant inquiry is whether, 'viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" United States v. Fisher, 648 F.3d 442, 450 (6th Cir. 2011) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)) (emphasis in original).  "Under the *Jackson v. Virginia* standard,

a reviewing court does 'not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute [its] judgment for that of the jury.'" Id. (citation omitted). "'Substantial and competent circumstantial evidence by itself may support a verdict and need not remove every reasonable hypothesis except that of guilt.'" Id. (citation omitted).

A motion for a new trial is governed by Fed. R. Crim. P. 33, which provides that the Court may "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a).  "The paradigmatic use of a Rule 33 motion is to seek a new trial on the ground that 'the jury's verdict was against the manifest weight of the evidence.'"  United States v. Munoz, 605 F.3d 359, 373 (6th Cir. 2010) (citation omitted). "Generally, such motions are granted only 'in the extraordinary circumstance where the evidence preponderates heavily against the verdict.'"  United States v. Graham, 125 F. App'x 624, 628 (6th Cir. 2005) (citation omitted).  The district judge may act as a thirteenth juror, assessing the credibility of witnesses and the weight of the evidence.  United States v. Lutz, 154 F.3d 581, 589 (6th Cir. 1998). "The defendant bears the burden of proving the need for a new trial and such motions should be granted sparingly and with caution." United States v. Turner, 995 F.2d 1357, 1364 (6th Cir. 1993).

In this case, Defendant has met neither the standard for an acquittal under

Rule 29 nor the standard for a new trial under Rule 33. Defendant primarily argues that there was insufficient evidence to convict him on all three counts. Contrary to Defendant's argument, however, the government introduced voluminous evidence that Defendant was the leader of a drug conspiracy over a number of years. This evidence included the testimony of co-conspirators, seized cocaine and marijuana, testimony of chemists regarding the seized drugs, photographs, and telephone recordings. Likewise, the government introduced substantial evidence to support the money laundering and firearms counts, including witness testimony, seized currency, firearms, and ammunition, photographs, video, and recorded telephone calls. Based upon the ample evidence introduced, a rational trier of fact could have found the essential elements of each of the three counts. The weight of the evidence supports the jury's verdict.

    Accordingly, IT IS HEREBY ORDERED that Defendant's motion for judgment of acquittal or for a new trial is DENIED.

                                              s/John Corbett O'Meara
                                              United States District Judge

Date:  May 12, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, May 12, 2015, using the ECF system.

                                              s/William Barkholz
                                              Case Manager