UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

   Plaintiff,          Case No. 11-20564

vs.                HON. MARK A. GOLDSMITH

CLARENCE WILLIAMSON, JR.,

   Defendant.
_____/

**OPINION & ORDER**
**DENYING DEFENDANT CLARENCE WILLIAMSON, JR.'S MOTION FOR COMPASSIONATE RELEASE (Dkt. 700) WITHOUT PREJUDICE**

This matter is before the Court on Defendant Clarence Williamson, Jr.'s motion for compassionate release (Dkt. 700) due to the impact of the COVID-19 pandemic. The Government has filed a response to the motion (Dkt. 715) asserting, among other things, that Williamson has not fully exhausted his administrative remedies or waited 30 days after the warden's receipt of Williamson's request for compassionate release, which is required under 18 U.S.C. § 3582(c)(1)(A). Williamson filed a reply brief (Dkt. 721) acknowledging recent Sixth Circuit caselaw that requires strict compliance with § 3582(c)(1)(A), and asking his motion to be dismissed without prejudice. The Court agrees that denying Williamson's motion without prejudice for failure to comply with § 3582(c)(1)(A) is the prudent course of action.

Williamson seeks compassionate release under the First Step Act of 2019, Pub. L. 115-391, 132 Stat. 5194. The First Step Act modified the statute concerning the compassionate release of federal prisoners, 18 U.S.C. § 3582, such that district courts may entertain motions filed by defendants seeking to reduce their sentences, United States v. Sapp, No. 14-cr-20520, 2020 WL 515935, at *1 (E.D. Mich. Jan. 31, 2020). Generally, federal courts cannot "modify a term of imprisonment once it

has been imposed." 18 U.S.C. § 3582(c).  However, under 18 U.S.C. § 3582(c)(1)(A)(i), a court may reduce a sentence if, after considering the sentencing factors set forth in § 3553(a), the court finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Before seeking compassionate release from federal courts, however, prisoners must "fully exhaust[ ] all administrative rights" or else they must wait for 30 days after the warden's "receipt of [their] request." 18 U.S.C. § 3582(c)(1)(A).  The Sixth Circuit recently held, among other things, that there are no statutory exceptions to this requirement, and that the unprecedented COVID-19 pandemic does not warrant creating an equitable exception. United States v. Alam, --- F.3d ---, 2020 WL 2845694, at *3-4 (6th Cir. June 2, 2020).  When faced with an untimely motion for compassionate release, district courts must dismiss the motion without prejudice.  See id. at *5 ("If (rather than dismissing) we sat on untimely compassionate release motions until the 30-day window ran its course, we could end up reviewing stale motions.").

Therefore, in light of the Sixth Circuit's clear instruction on this issue, and Williamson's request in his reply brief, Williamson's motion (Dkt. 700) is denied without prejudice.

SO ORDERED.

Dated:  June 19, 2020                                  s/Mark A. Goldsmith
        Detroit, Michigan                              MARK A. GOLDSMITH
                                                       United States District Judge

2