UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                          Case Nos. 11-cr-20564
                                                 18-cv-10635

vs.                                   HON. MARK A. GOLDSMITH

CLARENCE WILLIAMSON, JR.,

      Defendant.

_____/

## OPINION & ORDER
## (1) OVERRULING DEFENDANT'S OBJECTION (Dkt. 792), (2) ADOPTING THE RECOMMENDATION OF THE MAGISTRATE JUDGE (Dkt. 748), (3)  DENYING DEFENDANT'S MOTION TO VACATE SENTENCE (Dkt. 630), AND (4) DENYING DEFENDANT'S MOTION TO AMEND OR CORRECT HIS MOTION TO VACATE SENTENCE (Dkt. 798)

Defendant Clarence Williamson Jr. has filed a pro se motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (Dkt. 630).[1]  The matter was referred to Magistrate Judge David R. Grand for a Report and Recommendation ("R&R").  On August 18, 2020, Magistrate Judge Grand issued an R&R recommending that the Court deny Williamson's motion (Dkt. 748).  Williamson filed an objection to the R&R (Dkt. 792), as well as a motion to amend or correct his motion to vacate to assert additional claims (Dkt. 798).  The Government filed a combined response to the objections and to the motion to amend (Dkt. 802), and Williamson filed a reply (Dkt. 805).

---

[1] This case was originally assigned to the Honorable John Corbett O'Meara, who presided over the trial and sentencing.  The case was reassigned to the undersigned on March 19, 2018.

For the reasons that follow, the Court overrules Williamson's objection and adopts the recommendation contained in the magistrate judge's R&R.  Williamson's motion to vacate is denied.  Additionally, the Court denies Williamson's motion to amend his motion to vacate.

## I.    BACKGROUND

The factual and procedural background has been adequately set forth by the magistrate judge and need not be repeated here in full.  In relevant part, Williamson was tried by a jury for his role as the leader of an extensive cocaine and marijuana distribution organization.  Following a three-week trial, Williamson was convicted of the following offenses: (i) conspiracy to possess with intent to distribute and to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; (ii) conspiracy to launder monetary instruments, in violation of 18 U.S.C. § 1956(a) and (h) and 21 U.S.C. § 841(b)(1)(A); and (iii) conspiracy to possess a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) and (o).  Judgment (Dkt. 562).  He was sentenced to 360 months' imprisonment on the first two counts and to 240 months' imprisonment on the third count, to be served concurrently.  Id.  Williamson appealed his convictions, and the Sixth Circuit, finding no reversible error, affirmed.  United States v. Williamson, 656 F. App'x 175, 190 (6th Cir. 2016).

On collateral attack, Williamson asks the Court to vacate, set aside, or correct his sentence, advancing eighteen grounds alleging the ineffective assistance of his trial and appellate counsel.  In the R&R, Magistrate Judge Grand addressed each of these eighteen grounds and determined that none was meritorious.  Accordingly, the magistrate judge recommended denying Williamson's motion.  R&R at 2.  Williamson, now represented by counsel, has filed limited objections to the magistrate judge's conclusions.  Williamson also seeks to amend his motion to vacate to assert additional claims to relief.

2

## II.    LEGAL STANDARD

The Court reviews de novo any portion of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Alspaugh v. McConnell, 643 F.3d 162, 166 (6th Cir. 2011) ("Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have."). Any issues raised for the first time in objections to an R&R are deemed waived. Uduko v. Cozzens, 975 F. Supp. 2d 750, 757 (E.D. Mich. 2013) (citing Murr v. United States, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

## III.    DISCUSSION

### A. Objections to the R&R

Williamson asserted in his motion to vacate eighteen grounds alleging the ineffective assistance of counsel based on his attorneys' failure, during trial and on appeal, to raise certain arguments and to challenge certain alleged procedural irregularities. Now represented by his former trial counsel, Williamson advances objections to the R&R relating to a select number of those claims. The objections, however, are not framed as ineffective assistance claims; rather, they focus on the underlying issues and irregularities to which Williamson claimed counsel did not object.

The Court likewise addresses the merits of each of these underlying issues and irregularities, rather than the effectiveness of counsel's representation of Williamson in connection with these issues. In any case, because the Court determines that none of these issues has merit, counsel cannot be determined deficient for failing to raise them during trial or on appeal. See Greer v. Mitchell, 264 F.3d 663, 676 (6th Cir. 2001) ("[C]ounsel cannot be ineffective for a failure to raise an issue that lacks merit.").

3

### 1.  Alleged Perjury and Subornation of Perjury

Williamson's primary objection to the R&R concerns his claim that witness Gregory Jackson offered perjured testimony during trial.  Objection at 1.  Specifically, Jackson testified that he received approximately 400 kilograms of cocaine from Williamson between 2000 and 2011, and that Williamson delivered approximately five- to ten-kilogram loads of cocaine to Detroit once or twice a month, averaging 18 deliveries annually.  See Presentence Report ("PSR") ¶ 29; Addendum to PSR at A-2.  Additionally, Jackson testified that in 2006, he was on probation in connection with a separate drug conviction.  Trial Tr. V at 503 (Jackson) (Dkt. 576).  Jackson's testimony factored heavily in the PSR's analysis of the quantity of drugs for which Williamson was held responsible, as well as in the sentencing judge's quantity determination during the sentencing hearing.

In his objection, Williamson contends that Jackson's testimony regarding his receipt of cocaine deliveries from Williamson between 2000 and 2011 was perjured, as Jackson was incarcerated beginning in 2006—a fact that was not disclosed to trial counsel.  Mot. to Vacate at 2 (citing Early Decl., Ex. E to Objection, ¶¶ 3-4 (Dkt. 792-6)).  Williamson cites a judgment entered in United States v. Jackson, No. 00-CR-80128-1 (E.D. Mich.), sentencing a criminal defendant named Gregory Jackson to a 30-month term of incarceration beginning on January 3, 2006.  Jackson Judgment, Ex. C to Otis Paris Aff. (Dkt. 658).  Williamson contends not only that Jackson's trial testimony was perjured, but that Government counsel David Portelli suborned perjury and failed to turn over evidence regarding Jackson's 2006 incarceration.  Objection at 2-4.

The Government, however, has established that the Gregory Jackson sentenced in case number 00-CR-80128-1 is not the same Gregory Jackson who testified in the present action.  The

Government presents a criminal history report, including photographs and personal information, for Gregory "Shorty" Jackson, the individual sentenced in case number 00-CR-80128-1.  See Shorty Jackson Criminal History, Ex. 2 to Resp. to Objection (Dkt. 803).  A comparison of this information with the criminal history report for the Gregory Jackson who testified against Williamson makes clear that they are different people.  See Gregory Jackson Criminal History, Ex. 3 to Resp. to Objection (Dkt. 804).

In reply, Williamson concedes that the individual sentenced in case number 00-CR-80128-1 is not the Gregory Jackson who testified in the present matter.  Reply at 1 (Dkt. 805).  He states that "the allegations of subornation of perjury by Mr. Portelli and perjury by Gregory Jackson at trial are in error and false."  Id.  Accordingly, this objection to the R&R is withdrawn.[2]  As there is no dispute on the matter, the Court expressly finds that Mr. Portelli did not commit any misconduct with respect to Jackson's testimony or in disclosing Jackson's criminal history to Williamson.

## 2. Ground 10—Drug Quantities

In the R&R, the magistrate judge rejected Williamson's argument that appellate counsel provided ineffective assistance by failing to challenge on appeal the quantity of cocaine for which Williamson was held responsible.  See R&R at 28-30.  Although Williamson also argued in his motion to vacate that the sentencing judge erred by failing to hold an evidentiary hearing or to make specific findings of fact regarding the drug quantities, see Mot. to Vacate at 32, the R&R did not specifically address that issue.   In his objections, Williamson again contends that the

---

[2] Williamson further acknowledges that his objection to the magistrate judge's denial of the motion for discovery into this alleged perjury is moot.  Reply at 1.

sentencing judge erred by failing to hold an evidentiary hearing or to make factual findings regarding the drug quantity.  Objection at 6-8.

For purposes of sentencing, a district court "may accept any undisputed portion of the presentence report as a finding of fact" but "must—for any disputed portion of the presentence report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary[.]"  Fed. R. Crim. P. 32(i)(3).  "A district court may generally rely on the PSR's facts unless the defendant produces evidence that contradicts the PSR's findings."  United States v. House, 872 F.3d 748, 752-753 (6th Cir. 2017).  The defendant bears the burden of showing that a PSR is inaccurate or unreliable; he does not satisfy this burden by simply denying the PSR's truth but "must produce some evidence that calls the reliability or correctness of the alleged facts into question."  United States v. Salinas, 365 F.3d 582, 587 (7th Cir. 2004) (internal quotation marks and citation omitted).

Here, the PSR, relying on trial testimony from Jackson and codefendant Anthony Edwards, indicated that Williamson "had loads of cocaine come to Detroit, Michigan, once or twice a month," averaging 18 loads annually with each load containing five to ten kilograms of cocaine. PSR ¶ 29.  Multiplying the average amount of cocaine per trip (7.5 kilograms), the average number of trips (18), and the length of the conspiracy (ten years), the PSR concluded that Williamson was responsible for an estimated 1,350 kilograms of cocaine.  Id.  The PSR additionally noted that "Jackson testified that he alone received approximately 400 kilograms of cocaine from the defendant between 2000 and September 2011."  Id.

Williamson submitted written objections to these quantity findings in the PSR, which the probation department addressed in an addendum to the PSR.  During the sentencing hearing, the sentencing judge stated that he had considered Williamson's objections and overruled them for the

reasons set forth in the addendum and in the Government's response to Williamson's objections. Sentencing Tr. at 5-6 (Dkt. 570). Accordingly, the sentencing judge adopted the factual findings made in the PSR and addendum, id. at 4-5, 12-13, and sentenced Williamson at a base offense level of 38, for an offense involving 450 kilograms of cocaine or more, R&R at 30.

Because Williamson was afforded an opportunity to submit objections to the PSR, the sentencing judge was not required to hold an evidentiary hearing regarding the drug quantities. The Federal Rules require courts to "allow parties' attorneys to comment on the probation officer's determinations and other matters relating to an appropriate sentence[.]" Fed. R. Crim. P. 32(i)(1)(C). Where, as here, defense counsel had an opportunity to present objections to the PSR, either in writing or orally, the sentencing judge was within his discretion to deny a request for an evidentiary hearing. See, e.g., United States v. Pearson, 274 F.3d 1225, 1234 (9th Cir. 2001); United States v. Pologruto, 914 F.2d 67, 69 (5th Cir. 1990); United States v. Walker, 896 F.2d 295, 303 (8th Cir. 1990). Further, there is no indication that a full evidentiary hearing was necessary to resolve the objections regarding drug quantities. Williamson's objections, as summarized in the addendum to the PSR, were premised entirely on evidence and testimony presented during trial, thereby obviating any need to present this evidence for a second time during the sentencing hearing. See Addendum to PSR at A-1.

Additionally, the sentencing judge fulfilled his duty to make factual findings regarding these objections. He explained that he adopted the factual findings set forth in the PSR and the addendum to the PSR. These reports thoroughly explained the basis for the drug quantity finding, which was premised on Jackson's and Edwards's trial testimony. A district court may base its fact-finding on the prior statements of a coconspirator "so long as it is not obvious that the statements were untruthful." United States v. Cohen, 515 F. App'x 405, 413 (6th Cir. 2013)

7

(internal quotation marks omitted).   Williamson argues that that the PSR's drug quantity calculation was inaccurate, as it was premised on Jackson's allegedly false testimony.  Objection at 7.  However, as described above, Jackson's testimony has not been demonstrated to be false. Williamson has otherwise failed to show that the sentencing judge unreasonably relied on the PSR's factual findings.  Accordingly, this objection is overruled.

### 3.  Ground 2—Statute of Limitations

Williamson objects to the magistrate judge's rejection of his claim that trial and appellate counsel provided ineffective assistance based on their failure to raise the statute of limitations as a defense.  Objection at 8.  Williamson maintains that he withdrew from the conspiracy in 2005 and that, because he was not indicted until 2011, the Government was restricted to presenting evidence dating from 2006 onwards, under the five-year statute of limitations set forth by 18 U.S.C. § 3282. R&R at 9.  The magistrate judge rejected this argument on the ground that the Government presented strong evidence that the conspiracy was ongoing and that Williamson "was engaged in the conspiracy well beyond 2005, refuted only by [his] personal claim that he withdrew from the conspiracy in 2005."  Id. at 10-11.

Williamson objects that without Jackson's allegedly perjured testimony, the Government lacks any evidence showing that he was involved in the conspiracy between 2006 and 2011. Objection at 8-9.  He further contends that this temporal gap corroborates his representations that he withdrew from the conspiracy in 2005 and that there were multiple conspiracies at play.  Id. Again, this argument lacks merit, as Williamson withdraws his allegation that Jackson's testimony was perjured.  Additionally, the Sixth Circuit determined on direct appeal that the Government presented evidence from which "[t]he jury could reasonably infer that Williamson was . . .

8

engaged in one large drug conspiracy," rather than multiple conspiracies.  Williamson, 656 F. App'x at 184.  The Court, therefore, overrules this objection.

### 4.  Ground 12—January 31, 2011 Sale of Cocaine

Williamson objects to the magistrate judge's findings regarding evidence of his involvement in a January 31, 2011 sale of cocaine.  Objection at 9-10.  In his motion to vacate, Williamson challenged trial and appellate counsel's failure to raise a hearsay objection regarding Special Agent Dwayne Robinson's trial testimony that Williamson was involved in a drug transaction that occurred on January 31, 2011.  R&R at 33.  Specifically, Robinson repeated statements made to him by other agents who purportedly observed Williamson at the transaction. Id.  The magistrate judge agreed with Williamson that Robinson's statements constituted inadmissible hearsay to which counsel should have objected.  Id. at 35.  However, this error did not justify setting aside Williamson's convictions in light of the vast amount of other evidence of Williamson's guilt.  Id. at 35-36.  Thus, even if Robinson's testimony regarding the January 31, 2011 drug transaction had been stricken, it would not have altered the outcome of trial.  Id.

In his objection, Williamson challenges the sufficiency of the evidence tying him to the January 31, 2011 drug transaction, claiming that codefendant Geoffrey Hightower supplied the cocaine rather than Williamson.  Objection at 9-10.  This argument misses the mark.  The magistrate judge correctly determined that even if Robinson's testimony regarding this single drug transaction had been stricken, the remaining evidence would have overwhelmingly sustained Williamson's convictions.  R&R at 35-36.  The Sixth Circuit made the same determination on appeal, stating that "even if this one cocaine deal were excised from the trial, there would still be more than enough evidence of other drug trafficking, money laundering, and firearms possession to have convicted Williamson on all the charges."  Williamson, 656 F. App'x at 188.  Because

9

Williamson is unable to show that the evidence adduced at trial was insufficient to sustain his convictions, he is not entitled to relief.  See United States v. Arnold, 863 F.2d 884 (Table) (6th Cir. 1988) (citing Jackson v. Virginia, 443 U.S. 307, 324 (1979)) ("In order to prevail upon an allegation regarding the sufficiency of the evidence, defendant must demonstrate that the evidence adduced at trial, when viewed in the light most favorable to the prosecution, was so lacking that no rational trier of fact could have returned a verdict of guilty.").  The Court, therefore, overrules this objection.

### 5.  Ground 7—False Grand Jury Testimony

In his motion to vacate, Williamson claimed ineffective assistance based on trial and appellate counsel's failure to challenge allegedly false statements made to the grand jury by Government witnesses Special Agent James Koss and Agent Robinson.  R&R at 21.  Williamson specifically claimed that these witnesses made false declarations regarding the amount of money law enforcement seized from Williamson and regarding Williamson's involvement in a 2008 drug transaction that was the subject of a "reverse-sting" operation by law enforcement in California. Id.  In his objection, however, Williamson challenges allegedly false statements made to the grand jury by these witnesses regarding his involvement in the January 31, 2011 drug transaction. Objection at 10-13.  He discusses evidence that he claims proves that Hightower was the cocaine supplier for that transaction rather than Williamson.  Id.

Even assuming that Williamson had raised this argument in his original motion to vacate, it lacks merit.  The Supreme Court has determined that where an irregularity occurs during a grand jury proceeding, a "supervening jury verdict [makes] reversal of the conviction and dismissal of the indictment inappropriate."  United States v. Mechanik, 475 U.S. 66, 70, 73 (1986).  The

Supreme Court emphasized the significance of a subsequent jury finding that the defendant was guilty beyond a reasonable doubt:

> [T]he petit jury's subsequent guilty verdict means not only that there was probable cause to believe the defendants were guilty as charged, but also that they are in fact guilty as charged beyond a reasonable doubt. Measured by the petit jury's verdict, then, any error in the grand jury proceeding connected with the charging decision was harmless beyond a reasonable doubt.

Id. Additionally, the court noted that the societal costs of retrying a case, as well as the difficulties presented by the "passage of time, erosion of memory, and dispersion of witnesses," would be "far too substantial to justify setting aside the verdict simply because of an error in the earlier grand jury proceedings." Id. at 72-73 (internal quotation marks omitted). Courts have relied on Mechanik in holding that claims of false grand jury testimony raised after conviction provide no basis for granting collateral relief. See, e.g., Richardson v. United States, Nos. 4:11-CR-110-FL-1, 4:13-CV-130-FL, 2015 WL 1383607, at *4 (E.D.N.C. Mar. 25, 2015); Cave v. United States, No. 7:03-CR-00157, 2009 WL 1009771, at *6 (W.D. Va. Apr. 14, 2009). The Court, therefore, overrules this objection.

### 6. Ground 16—Nondisclosure of Brady Material

The final claim addressed in the R&R concerned Williamson's allegation that the Government failed to disclose exculpatory Brady material in the form of wiretap recordings from codefendant Hightower's phone.[3] R&R at 41. An affidavit from Agent Koss establishes that there are three recordings of calls between Hightower and Edwards that were not disclosed to Williamson. Koss Aff. Ex. 1 to Resp. to Discovery Mots., ¶ 4 (Dkt. 685-1). In his motion to vacate, Williamson claimed that these recorded calls would have established his primary defense theory that Hightower was Edwards's cocaine supplier. Id. at 23 n.3, 42. The magistrate judge

---

[3] Exculpatory evidence must be disclosed pursuant to Brady v. Maryland, 373 U.S. 83 (1963).

determined that, even assuming that the calls showed that Hightower supplied cocaine to Edwards, that fact nevertheless "would not undermine confidence in the outcome of Williamson's trial given the other overwhelming evidence presented against him." Id.

In his objection, Williamson takes exception with the premise that these recordings are not exculpatory Brady materials because he was not a party to the call, insisting that his absence from the calls proves that Hightower was Edwards's cocaine supplier. Objection at 10. But that argument overlooks the magistrate judge's conclusion that evidence of Hightower's involvement in supplying cocaine to Edwards is not exculpatory, as it is not inconsistent with the evidence that Williamson independently supplied cocaine to Edwards. Stated differently, evidence of Hightower's guilt is not probative of Williamson's innocence. Nor has Williamson rebutted the evidence cited by the magistrate judge establishing his guilt, such as testimony from codefendant Kendrah Smartt and law enforcement's surveillance of the warehouse from which Williamson operated the conspiracy. Accordingly, Williamson is unable to demonstrate a Brady violation because this evidence is not exculpatory. See United States v. Dado, 759 F.3d 550, 559-560 (6th Cir. 2014) (to establish a Brady violation, the defendant carries the burden of showing that the undisclosed evidence "was favorable to the defense, either because it is exculpatory or because it is impeaching").

Additionally, these calls would, at most, show only that Edwards obtained cocaine from Hightower. The trial record is replete with references to the fact that Edwards used multiple cocaine suppliers, including both Hightower and Williamson. See, e.g., Trial Tr. IV at 435-436 (Robinson) (Dkt. 575) (confirming that Hightower supplied cocaine to Edwards); Trial Tr. V at 455-459, 484 (Robinson) (describing that Edwards had multiple suppliers of cocaine); Trial Tr. VI at 630 (Edwards) (Dkt. 577) (admitting that he obtained cocaine from multiple sources, including

Hightower and Williamson).   The wiretap recordings, therefore, would have been merely cumulative of the other evidence establishing that Hightower was one of Edwards' sources of cocaine.  See Brooks v. Tennessee, 626 F.3d 878, 893 (6th Cir. 2010) ("Evidence that is merely cumulative to evidence presented at trial is not material for purposes of Brady analysis." (internal quotation marks and citation omitted)).   Because there is no merit to Williamson's argument regarding nondisclosure of these wiretap recordings, the Court overrules this objection.

### B.  Motion to Amend Motion to Vacate

Williamson seeks to amend his motion to vacate to assert the following additional claims: (i) Brady, Giglio, and Napue violations stemming from the allegedly perjured testimony of Gregory Jackson and Government counsel's alleged subornation of this perjury;[4] (ii) denial of due process, a fair trial, a fair sentencing, and effective assistance based on the sentencing judge's failure to hold an evidentiary hearing and make findings of fact regarding the drug quantities for which Williamson was held responsible; and (iii) denial of due process, a fair trial, a fair sentencing, and effective assistance based on the trial judge's interference with defense counsel's cross-examination of witnesses and refusal to permit the defense to present additional wiretap recordings.  Mot. to Am. at 1-2.

Pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA), federal prisoners have a one-year limitations period in which to file a habeas corpus petition.  Johnson v. United States, 457 F. App'x 462, 464 (6th Cir. 2012).  That period ordinarily begins to run from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1).  In the present action, Williamson's conviction became final on February 22, 2017, the date the Supreme Court denied

---

[4] These violations refer to Brady v. Maryland, 373 U.S. 83 (1963); Giglio v. United States, 405 U.S. 150 (1972); and Napue v. Illinois, 360 U.S. 264 (1959).

his petition for certiorari.  See Drury v. United States, 507 F.3d 1295, 1296 (11th Cir. 2007) ("[A] conviction becomes final the day the Supreme Court denies a petition for certiorari or issues a decision on the merits.").  Accordingly, Williamson's original motion to vacate was timely filed on February 20, 2018, within the one-year limitations period.  However, his proposed amendments, submitted on December 6, 2020, are untimely under the AEDPA.

Williamson contends that, under Federal Rule of Civil Procedure 15(c)(1)(B), the proposed amendments to his motion would relate back to the date the original motion to vacate was filed. Mot. to Am. at 4.  The rule provides that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading . . . ."  Fed. R. Civ. P. 15(c)(1)(B).  But the Supreme Court has held that amendments to habeas petitions relate back to the original filing "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes."  Mayle v. Felix, 545 U.S. 644, 657 (2005).  Relation back applies only when the new grounds for relief are premised on the same set of particularized facts advanced in the original filing and not simply when they relate to the same trial, conviction, or sentence at issue in the original filing.  Id. at 661-662.

The first claim Williamson seeks to advance in his motion to amend is moot, as he concedes that the allegations of perjury by Jackson and subornation of perjury by Government counsel are false.  See Reply at 1.  The second claim Williamson raises was, in fact, raised in his original petition, and is discussed above.  The third claim, premised on the trial judge's alleged interference with Williamson's cross-examination of witnesses, was not presented in his original motion to vacate, nor does it arise from the same facts at issue in that motion.  Consequently, relation back

does not apply, and the claim is untimely asserted under the AEDPA.  Williamson's motion to
amend to assert that claim is thus denied.[5]

## IV.   CONCLUSION

For the reasons stated above, Williamson's objection is overruled (Dkt. 792), the R&R is
adopted (Dkt. 748), Williamson's motion to vacate is denied (Dkt. 630), and Williamson's motion
to amend or correct his motion to vacate is denied (Dkt. 798).

SO ORDERED.

Dated:  March 17, 2021                           s/Mark A. Goldsmith
        Detroit, Michigan                        MARK A. GOLDSMITH
                                                 United States District Judge

---

[5] In his objection, Williamson also advances two claims that were not raised in his motion to
vacate: (i) that the Government was afforded three weeks to present its case, whereas the defense
was permitted four hours and (ii) that the Government engaged in misconduct when agents
represented in a warrant application that events that transpired in February 2011 took place on
January 31, 2011.  Objection at 13-14.  For the same reasons discussed in this section, these claims
are untimely.  Moreover, the Court declines to address these claims because, beyond a bare
reference, Williamson provides no further factual development or legal argument in support of
them.  See McPherson v. Kelsey, 125 F.3d 989, 995-996 (6th Cir. 1997) ("Issues adverted to in a
perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed
waived.  It is not sufficient for a party to mention a possible argument in the most skeletal way,
leaving the court to . . . put flesh on its bones." (citation and marks omitted)).