UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                       Case No. 11-CR-20564

vs.                                    HON. MARK A. GOLDSMITH

D-1 CLARENCE WILLIAMSON, JR.,

       Defendant.

_____/

**OPINION & ORDER**
**DENYING DEFENDANT'S MOTION FOR RECONSIDERATION (Dkt. 814)**

The matter before the Court is Defendant Clarence Williamson, Jr.'s motion for reconsideration (Dkt. 814) of the Court's opinion and order denying his motion to vacate his sentence under 28 U.S.C. § 2255, see 3/17/21 Op. & Order (Dkt. 811), and the judgment entered in accordance with that opinion and order (Dkt. 812). For the reasons that follow, the Court denies Williamson's motion.[1]

**I. ANALYSIS**

Williamson was tried by a jury before the Honorable John Corbett O'Meara and convicted of multiple offenses for his role as the leader of an extensive cocaine and marijuana distribution organization.[2] Williamson appealed his convictions, and the Sixth Circuit affirmed. United States

---

[1] Because oral argument will not aid the Court's decisional process, the issues will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). In addition to Williamson's motion, the briefing includes the Government's response (Dkt. 816).

[2] Williamson was convicted of (i) conspiracy to possess with intent to distribute and to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; (ii) conspiracy to launder monetary instruments, in violation of 18 U.S.C. § 1956(a) and (h) and 21 U.S.C. § 841(b)(1)(A); and (iii) conspiracy to possess a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) and (o). Judgment (Dkt. 562). He was sentenced to 360

v. Williamson, 656 F. App'x 175, 190 (6th Cir. 2016). Williamson then moved for this Court to vacate, set aside, or correct his sentence under § 2255, advancing eighteen grounds based on the alleged ineffective assistance of his trial and appellate counsel (Dkt. 630). Magistrate Judge David Grand issued a report and recommendation (R&R) that addressed each of these grounds and determined that none of the claims was meritorious, on which basis he recommended denying Williamson's motion. R&R at 2 (Dkt. 748).[3] The Court overruled Williamson's objections to the R&R, accepted the R&R, and denied Williamson's motion. See 3/17/21 Op. & Order.[4]

Williamson now argues that the Court must reconsider its decision to deny his § 2255 motion on two grounds: (i) the trial court erred in not holding a sentencing hearing or making factual findings on the quantity of cocaine at issue, and (ii) United States v. Davis, 139 S. Ct. 2319 (2019) counsels in favor of correcting Williamson's sentence. Mot. at 5. Neither of these arguments has merit.[5]

---

months' imprisonment on the first two counts and to 240 months' imprisonment on the third count, to be served concurrently. Id. This matter was reassigned to the undersigned on March 19, 2018.

[3] The R&R included an explanation as to why Williamson's appellate counsel was not ineffective for its strategic decision not to challenge the district court's adoption of the presentence report's (PSR) findings, which attributed 450 kilograms or more of cocaine to Williamson for purposes of calculating his base offense level for sentencing. R&R at 28–30.

[4] Williamson's objections before this Court raised the issue of the quantity of cocaine attributed to him, and the Court determined that the trial court had not erred in denying a request for an evidentiary hearing and adopting the factual findings in the PSR. See id. at 5–9.

[5] A motion for reconsideration "may only be brought" on the following three grounds: (i) "[t]he court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision"; (ii) "[a]n intervening change in controlling law warrants a different outcome"; or (iii) "[n]ew facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision." E.D. Mich. LR 7.1(h)(2)(A)–(C) (emphasis in original).

At the time Williamson filed his motion for reconsideration, a different standard governed. See E.D. Mich. LR 7.1(h)(2) (effective March 1, 2018) ("Generally, and without restricting the court's

### A. Drug Quantity

Williamson first "objects to this Court's conclusion that there was not any error with respect to the trial court refusing to hold a sentencing hearing or make factual findings on the drug quantities at issue in this case." Mot. at 1. Williamson renews his "objections to quantity amounts determined by the government and probation," which arguments he concedes he has already "incorporated . . . into his 2255 motion." Id. In Williamson's view, "[t]he trial judge should not have accepted the [PSR's] conclusions where there is witness testimony to counter the conclusions." Id. at 2 (citing United States v. House, 872 F.3d 748, 752 (6th Cir. 2017)). Williamson refers to "substantial evidence contradicting" the PSR, which Williamson acknowledges he already presented as objections to the R&R. Id. at 2–3. Williamson asserts that, because a hearing was not held, his due process rights have been violated. Id. at 3–4.

As grounds for reconsideration, this argument is best framed as an assertion that "[t]he court made a mistake" and that "correcting the mistake changes the outcome of the prior decision." E.D. Mich. LR 7.1(h)(2)(A). The Court has not made a mistake; Williamson simply disagrees with the result. See Bowles v. Macomb Cmty. Coll., et al., No. 20-13175, 2022 WL 1469515, at *2 (E.D. Mich. May 10, 2022) (denying motion for reconsideration that "attempt[ed] to relitigate issues and arguments that the court ha[d] previously considered" and where it was "clear Plaintiff merely disagree[d] with the court's holding"). He points again to "the testimony of various witnesses and wiretap recordings," "evidence that cocaine distribution ceased" earlier than the

---

discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case."). As explained below, Williamson's motion must be denied under either standard.

period asserted in the PSR, and the jury determination that Williamson was responsible for only "5 kilograms or more of cocaine." Mot. at 5. Both Magistrate Judge Grand and this Court have considered these arguments at length and determined that Williamson's counsel was not unconstitutionally ineffective for deciding not to raise these issues on appeal.[6] Williamson provides no grounds for finding that the Court's decision was mistaken, and instead simply insists that the Court revisit the factors it already considered.

Williamson suggests that the absence of a hearing or fact-finding investigation violates the law, asserting that House stands for the proposition that "a hearing or fact finding is _required_ where 'the defendant produces evidence that contradict the PSR's findings.'" Mot. at 2 (emphasis added) (quoting House, 872 F.3d at 752). This assertion misstates the holding in House, which found that the district court was free to rely on the PSR's findings where the defendant failed to "produce evidence that impugns the [confidential informant's] credibility or otherwise shows the statements to be unreliable." See 872 F.3d at 753. A sentencing court has "broad discretion" to rely on a PSR's "calculation of drug quantity" where a defendant has not adequately rebutted the PSR's

---

[6] Magistrate Judge Grand explained that—despite Williamson's insistence that the jury convicted him for his involvement with only five kilograms of cocaine—the jury in fact found Williamson "guilty of and responsible for five _or more_ kilograms . . . of cocaine." R&R at 29 (emphasis in original, punctuation modified). The PSR attributed 1,350 kilograms of cocaine to Williamson, and it considered this number "conservative" given the PSR's finding that an average of 18 cocaine shipments—each ranging from five to ten or more kilograms—were made to Williamson each year. Id. at 30 (punctuation modified). Williamson's ultimate base offense level reflected a considerably smaller amount: "an offense involving 450 kilograms of cocaine _or more_." Id. (emphasis in original, punctuation modified). Thus, appellate counsel's decision not to raise this issue was strategic, in part to avoid a finding that Williamson was responsible for an even higher quantity of cocaine. Id. at 29.

This Court reviewed the sentencing court's consideration of trial testimony—including the witness testimony which Williamson sees as conflicting with the PSR's findings—and explained why Williamson had failed to meet his burden of demonstrating that the witness's testimony was false. See 3/17/21 Op. & Order at 7–8. The Court found that Williamson's counsel was not ineffective for failing to object to this meritless issue. Id. at 3, 5–8.

findings. United States v. Shaffer, 781 F. App'x 404, 417 (6th Cir. 2019) (finding that district court properly relied on PSR's drug quantity calculation because defendant's arguments in favor of a smaller quantity "did not rebut the presentence report's findings, except to offer the alternative, lower amount") (citing House, 872 F.3d at 752). As this Court has recounted, Williamson contested the issue of the drug quantities attributed to him before the sentencing court when he submitted objections to the PSR's findings. See 3/17/21 Op. & Order at 6. Because Williamson had an opportunity to present objections to the PSR, the sentencing court was within its discretion to deny a request for an evidentiary hearing. Id. at 7 (citing Fed. R. Crim. P. 32(i)(1)(C)) (other citations omitted). It was in no way a mistake to find that Williamson's counsel was not ineffective for deciding not to push this argument on appeal. See Makin v. Wainwright, No. 1:19-CV-1211, 2022 WL 672068, at *3 (N.D. Ohio Mar. 7, 2022) (finding that appellate counsel was not ineffective for not challenging trial court's decision on a matter within its discretion); Gustafson v. Burt, 467 F. App'x 434, 438 (6th Cir. 2012) (affirming denial of motion for reconsideration where district court was within its discretion to deny an evidentiary hearing).

Williamson has challenged the PSR's drug quantity findings before multiple judges at multiple stages of the proceedings. His argument remains without merit.[7]

### B. Davis

Williamson also refers the Court to Davis, 139 S. Ct. 2319. See Mot. at 4. In Davis, the United States Supreme Court found that 18 U.S.C. § 924(c)(3)(B)—describing predicate offenses for conviction under § 924(c)—was unconstitutionally vague. 139 S. Ct. at 2323–2324.

---

[7] This argument is equally meritless under the older standard for a motion for reconsideration. By Williamson's own admission, his motion "present[s] the same issues [previously] ruled upon by the court." E.D. Mich. LR 7.1(h)(2) (effective March 1, 2018). Additionally, for the same reason that there is no "mistake" in the Court's decision, there is no "palpable defect" which, if corrected, "will result in a different disposition of the case." Id.

Williamson notes that the predicate offense in Davis was conspiracy to commit robbery under the Hobbs Act, and Williamson's predicate offense is also a conspiracy offense. Mot. at 4–5.

This superficial similarity between Davis and the instant case provides no basis for reconsidering the Court's decision on Williamson's § 2255 motion. Davis does not represent "[a]n intervening change in controlling law" that "warrants a different outcome." E.D. Mich. LR 7.1(h)(2)(B). As the Government correctly observes, Williamson was never convicted under § 924(c) or charged with a crime of violence to which § 924(c) would attach. Resp. at 6. Williamson conspired to possess a firearm in furtherance of a drug-trafficking crime, not a crime of violence. Id. (citing Williamson, 656 F. App'x at 177). Nothing in Davis suggests that all convictions based on conspiracy predicate offenses for all criminal statutes must be vacated, set aside, or corrected. Williamson's brazen attempt to extend Davis has no merit.[8]

## II. CONCLUSION

For the foregoing reasons, the Court denies Williamson's motion for reconsideration (Dkt. 814).

SO ORDERED.

Dated: May 19, 2022　　　　　　　　　　　　s/Mark A. Goldsmith
　　　Detroit, Michigan　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[8] The older standard also would not avail Williamson. Because Davis does not impact the Court's decision, Williamson has not "demonstrate[d] a palpable defect" the correction of which "will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(2) (effective March 1, 2018).

6